UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RAMIREZ-RIVERA,<br><br>           Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et al.,<br><br>           Respondents. | Case No.: 3:25-cv-03072-RBM-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Manuel Ramirez-Rivera's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by the United States Department of Homeland Security ("DHS"). (Doc. 1.) For the reasons set forth below, the Court **GRANTS** the Petition.

## I.     BACKGROUND

**A.     Factual Background**

Petitioner is a Mexican national who entered the United States in 2005 without being admitted or paroled. (Doc. 1 at 2, 6; Doc. 4 at 2.)[1] On June 29, 2025, while he was working at a carwash, Petitioner was arrested by agents from DHS Enforcement and Removal Operations ("ERO") and "charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States who has not been admitted or paroled." (Doc. 4 at

---

[1] The Court cites the CM/ECF electronic pagination for filings unless otherwise noted.

2.)  He was then placed in removal proceedings under 8 U.S.C. § 1229a and transferred to the Otay Mesa Detention Facility.  (*Id.*)  On August 1, 2025, an immigration judge granted Petitioner's release on a $6,500 bond and the additional condition of electronic monitoring. (Doc. 4-2 at 29.)  On August 14, 2025, DHS appealed that decision.  (*Id.* at 3–5.)  On November 7, 2025, the Board of Immigration Appeals sustained the appeal and vacated the immigration judge's bond order.  (*Id.* at 1–2.)

**B.     Procedural Background**

On November 10, 2025, Petitioner filed his Petition and the Court set a briefing schedule.  (Docs. 1, 2.)  On November 19, 2025, Respondents filed their Return to Habeas Petition ("Response").  (Doc. 4.)  On November 24, 2025, Petitioner filed his Traverse to Respondents' Return ("Reply").  (Doc. 6.)

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.     DISCUSSION

Petitioner argues that his continued detention on the purported basis that 8 U.S.C. § 1225 governs his detention "violates the plain text of the [Immigration and Nationality] Act, decades of longstanding agency practice, and the constitutional guarantees of Due Process."  (Doc. 1 at 2, 7–8.)  Respondents argue that Petitioner is jurisdictionally barred from bringing his claims under 8 U.S.C. § 1252(g) and § 1252(b)(9) and legally detained under § 1225(b)(2).  (Doc. 4 at 7–14.)

1    Respondents' arguments are identical to those recently addressed by the undersigned
2 in *A.S. v. LaRose*, Case No. 3:25-cv-02876-RBM-VET (S.D. Cal. Nov. 19, 2025), ECF No.
3 9, at *4–13.  In that decision, this Court held that: (1) it had jurisdiction to hear the
4 petitioner's claims because they challenged the lawfulness of his ongoing detention rather
5 than the decision to commence removal proceedings or any act to execute a removal order
6 (*id.* at *4–6); and (2) "'a proper understanding of the relevant statutes, in light of their plain
7 text, overall structure, and . . . case law interpreting them, compels the conclusion that
8 § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not
9 apply to someone like [the petitioner],' who has been residing in the United States for over
10 three years."  *Id.* at 7–13 (quoting *Lopez Benitez v. Francis*, — F. Supp. 3d —, 2025 WL
11 2371588, at *3 (S.D.N.Y. Aug. 13, 2025) (emphasis in original)).

12    Here, there is no dispute that Petitioner was detained on June 29, 2025, after having
13 resided in the United States for 20 years.  (Doc. 1 at 6; Doc. 4 at 2.)  Therefore, the
14 discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition
15 must be granted.  Furthermore, the Court rejects Respondents' argument that "the proper
16 remedy would be directing a new bond hearing under § 1226(a)."  (Doc. 4 at 14.)  This
17 argument "'misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is
18 detained, he will already have suffered the injury he is now seeking to avoid.'"  *A.S.*, 3:25-
19 cv-02876-RBM-VET, ECF No. 9, at *13 (quoting *Jorge M.F. v. Jennings*, 534 F. Supp. 3d
20 1050, 1055 (N.D. Cal. 2021)); *see E.A. T.-B. v. Wamsley*, — F. Supp. 3d —, 2025 WL
21 2402130, at *6 (W.D. Wash. Aug. 19, 2025) ("Although the Government notes that
22 Petitioner may request a bond hearing while detained, such a post-deprivation hearing
23 cannot serve as an adequate procedural safeguard because it is after the fact and cannot
24 prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, Case No. 25-cv-05893
25 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received
26 a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that
27 point, he will have already suffered the harm that is the subject of his motion; that is, his
28 potentially erroneous detention.").

## IV.   CONCLUSION[2]

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly, Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the same bond and conditions of release as ordered by the immigration judge on August 1, 2025.  (*See* Doc. 4-2 at 29.)

**IT IS SO ORDERED.**

DATE:  November 26, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.